UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MICHAEL J. LOMEC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | 12 C 9439 |
| v. | ) |  |
|  | ) | Judge George M. Marovich |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael J. Lomec ("Lomec") filed suit against the United States of America. Lomec seeks relief under the Federal Tort Claims Act for the alleged injuries he suffered during an accident in which he was hit by a car driven by an FBI agent. Defendant moves for summary judgment. For the reasons set forth below, the motion for summary judgment is denied.

**I.      Background**

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact *with citation to admissible evidence*, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of its duty to support the fact with admissible evidence. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir.

2012). Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

The following facts are undisputed unless otherwise noted.

Lake Street in Chicago, where it meets Francisco Avenue, is a one-way, eastbound street that sits below elevated CTA tracks. No stop light or stop sign requires eastbound traffic to stop at that intersection. Three of the four sides of the intersection of Lake and Francisco contain marked crosswalks for pedestrians. The fourth side does not. It was at the fourth side--the one with no marked crosswalk--that plaintiff Lomec collided with a moving car driven by FBI Special Agent David Forero ("Forero").

On the afternoon of December 15, 2009, a clear day with no snow or ice on the ground, Forero was on duty. He drove eastbound on Lake Street at a speed of approximately 15-20 miles per hour. Lomec, meanwhile, looked both ways for oncoming traffic, saw no cars and attempted to cross. Lomec did not see the car Forero was driving until after the collision. Nor did Forero see Lomec. Lomec later told a doctor he was struck by a car, he fell to the ground and the car rolled over his foot. The only damage the car sustained was to the side-view mirror on the passenger side.

After the collision, Forero and Lomec had a brief conversation about contact information and medical treatment (which Lomec said he did not need, because he was "going to the VA" anyway). During the conversation, Lomec told Forero something to the effect of: "Don't worry. I'm not going to sue you. I hope you don't sue me for walking into your car." Forero filed a police report. Lomec did not.

## II. <u>Summary Judgment Standard</u>

Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When

making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

### III. Discussion

Lomec seeks relief under the Federal Tort Claims Act ("FTCA") and claims that Forero was negligent in hitting Lomec with the car Forero was driving. The Federal Tort Claims Act is a limited waiver of the federal government's sovereignty. *Luna v. United States*, 454 F.3d 631, 634 (7th Cir. 2006). Under the FTCA, the United States is liable "for personal injuries as a result of its negligence to the same extent that a private person would be liable under the law of the place where the negligence occurred." *Luna*, 454 F.3d at 634 (citing 28 U.S.C. § 1346(b)(1)).

The defendant seeks summary judgment on the basis of its affirmative defense. Specifically, defendant argues that Lomec is barred from recovering damages, because he is more than 50% responsible for the accident. Under Illinois law, a plaintiff is "barred from recovering damages if *the trier of fact* finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought." 735 ILCS 5/2-1116(c) (emphasis added).

As is clear from the plain language of the statute, the apportionment of negligence is generally an issue of fact. *See Merca v. Rhodes*, 960 N.E.2d 85, 98 (1st Dist. 2011) ("Illinois law has usually dictated that the percentage of negligence that attaches to a pedestrian's negligence is a question of fact."). Contributory negligence "becomes a question of law appropriate for summary judgment only when 'all reasonable minds would agree that the evidence and reasonable inferences therefrom, viewed in a light most favorable to the nonmoving party, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand.'" *DeMyrick v. Guest Quarters Suite Hotels*, 944 F. Supp. 661, 667 (N.D. Ill. 1996) (quoting *West v. Kirkham*, 207 Ill.App.3d 954, 958 (4th Dist. 1991)).

Here, the evidence is not so one-sided as to warrant summary judgment. Plaintiff has put forth evidence that he exercised some care. Specifically, Lomec put forth his own testimony that he looked both ways and saw no cars before proceeding into the intersection. The apportionment of negligence in this case is an issue of fact for the trier of fact. Accordingly, defendant's motion for summary judgment is denied.

## IV. Conclusion

For the reasons set forth above, the Court denies defendant's motion for summary judgment.

ENTER:

/s/ George M. Marovich

George M. Marovich
United States District Judge

DATED: September 22, 2014